# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. SMITH, JR.,

        Plaintiff,

        v.                              Case No. 05-C-426

MATTHEW J. FRANK, and
WISCONSIN DEPARTMENT OF CORRECTIONS,

        Defendants.

**ORDER DENYING THE PLAINTIFF'S MOTIONS FOR RECONSIDERATION (DOC. #5 AND DOC. #9), GRANTING THE PLAINTIFF 30 ADDITIONAL DAYS TO PAY THE INITIAL PARTIAL FILING FEE OF $1.16, DENYING THE PLAINTIFF'S MOTION TO CONSOLIDATE (DOC. #4), DENYING AS MOOT THE PLAINTIFF'S MOTION TO TRANSFER TO DISTRICT JUDGE (DOC. #4), AND DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. #8)**

        The plaintiff, James A. Smith, Jr., lodged this complaint pursuant to 42 U.S.C. § 1983, as well as a petition to proceed *in forma pauperis*. On April 15, 2005, United States Magistrate Judge Patricia J. Gorence ordered the plaintiff to pay an initial partial filing fee in the amount of $1.16, within 21 days. The case has since been reassigned to this court due to the non-consent of the parties to magistrate judge jurisdiction.

        On April 21, 2005, the plaintiff filed a motion for reconsideration of the order directing him to pay an initial partial filing fee. He filed a second motion for reconsideration on April 26, 2005. Also pending are the plaintiff's "Motion to Consolidate or Transfer to District Judge," and motion for appointment of counsel. These motions are addressed herein.

Pursuant to 28 U.S.C. § 1915(b)(1), when a prisoner files an action *in forma pauperis*, the court must assess an initial partial filing fee of 20 percent of the greater of: 1) the average monthly deposits to the prisoner's account; or 2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Therefore, in support of a petition to proceed *in forma pauperis*, a prisoner plaintiff is required to submit a certified trust-account statement reflecting account activity during the relevant six-month period. 28 U.S.C. § 1915(a)(2).

The plaintiff submitted a trust-account statement reflecting account activity between October 11, 2004, and April 11, 2005. (Motion for Leave to Proceed *In Forma Pauperis*, Exh. 2). As his complaint was lodged on April 13, 2005, this statement contains the information required by the *in forma pauperis* statute. Applying the statutory formula of 28 U.S.C. § 1915(b)(1), Judge Gorence assessed the plaintiff an initial partial filing fee of $1.16.

The plaintiff asserts that the information provided in support of his petition to proceed *in forma pauperis* "may have been incorrect." (Motion for Reconsideration at 1). Thus, in support of his motion for reconsideration, he has provided a trust-account statement reflecting account activity for March 1 through 31, and April 12 through 18, 2005. (Motion for Reconsideration at 1, Exh. 1). The plaintiff notes that previous courts have found that the plaintiff lacks the funds to pay an initial partial filing fee. *Id.* The plaintiff states that he has no money "in his regular account and any money received to [his] account goes towards paying" federal court filing fees, medical co-pay loans, legal loans and restitution. *Id.* The plaintiff seeks to proceed without payment of an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4), which provides that in "no event shall a prisoner

be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

A comparison of the March information reflected in the trust-account submitted in support of the plaintiff's petition to proceed *in forma pauperis* and that submitted in support of his motion for reconsideration reveals the information to be identical. Thus, the plaintiff has not shown the information on which the initial partial filing fee was assessed to be "incorrect." Information provided by the plaintiff concerning his trust account activity subsequent to the filing of the complaint is irrelevant for the purposes of calculating the initial partial filing fee under the *in forma pauperis* statute, as only the six-month period preceding the filing of the complaint is considered. 28 U.S.C. § 1915(a)(2).

Moreover, to proceed without payment of the initial partial filing fee under § 1915(b)(4):

> It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when "the prisoner has no assets and no means by which to pay the initial partial filing fee." A prisoner with periodic income has "means" even when he lacks "assets."

*Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) *and Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). The plaintiff's trust account statement, including the information provided with the plaintiff's motion for reconsideration, indicates that he regularly receives prison wages. Therefore, this court cannot allow the plaintiff to proceed without the prepayment of the initial partial filing fee under § 1915(b)(4). *See Smith v. Huibregtse*, 151 F. Supp. 1040,

1041-42 (E.D. Wis. 2001). Based on the foregoing, the plaintiff's motion for reconsideration will be denied.

As the plaintiff's second motion for reconsideration asserts the same grounds as the first, it will be denied. The plaintiff is advised that redundant motions may be denied summarily in the future.

In the interest of justice, the plaintiff will be granted an additional 30 days in which to pay the initial partial filing fee. However, the plaintiff's failure to pay the initial partial filing fee within the time specified may result in dismissal of this action.

The plaintiff has filed a motion seeking to consolidate this action with case number 04-C-1009, an action by James A. Smith, Jr., against Warden Gerald A. Berge. (Motion to Consolidate or Transfer to District Judge at 1). This motion is premature. To date, the plaintiff has neither paid the full filing fee for this action nor been permitted to proceed *in forma pauperis*. Further, the complaint in this case has not been screened pursuant to 28 U.S.C. § 1915A. Thus, at this stage, it is not clear whether the plaintiff will be proceeding on the claims raised in this complaint. In addition, Case No. 04-C-1009 is pending before U. S. Magistrate Judge Patricia Gorence and this case cannot be returned to her for trial without the consent of all defendants.

Moreover, even if the plaintiff's motion were timely, Fed. R. Civ. P. 42(a) permits consolidation of actions "involving a common question of law or fact," at the discretion of the court. *Miller Brewing Co. v. Meal Co., Ltd.*, 177 F.R.D. 642, 643 (E.D. Wis. 1998). Hence, just because a common question of law or fact is present, and consolidation is permissible, does not mean that the court must order consolidation. *Bradley v. Soo Line R.R. Co.*, 88 F.R.D. 307, 309 (E.D. Wis. 1980). In as much as the

plaintiff has not asserted a clear basis for consolidating this action with case number 04-C-1009, and the defendants have not consented to magistrate jurisdiction, the motion to consolidate will be denied.

This action was reassigned to this court randomly on April 27, 2005, due to the non-consent of the parties. As a result, the motion to transfer is moot.

The plaintiff seeks appointed counsel asserting that he is indigent and that "this case is very complicated." (Motion for Appointment of Counsel at 3). Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address whether, given the difficulty of the case, the plaintiff appears competent to try the case him or herself and, if not, whether the presence of counsel is likely make a difference in the outcome of the case. *Id.* (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

The plaintiff contends that circumstances have prevented him from contacting more than one attorney, who declined to accept his case. Thus the court will not deny the plaintiff's motion outright for failure to meet his threshold burden. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If, however, the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright"). On the other hand, at this early stage of this proceeding, the court cannot conclude that the presence of counsel is

likely to make a difference in the outcome of the case and the plaintiff appears to be competently prosecuting this action independently. **NOW, THEREFORE,**

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Doc. #5) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's second motion for reconsideration (Doc. #9) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff shall forward to the Clerk of Court the sum of $1.16 as the initial partial filing fee for this action within 30 days of the date of this order. Failure to do so may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the plaintiff's motion for consolidation (Doc. #4) is **denied without prejudice** as premature.

**IT IS FURTHER ORDERED** that the plaintiff's motion to transfer this action to a district judge (Doc. #4) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (Doc. #8) is **denied without prejudice**.

Dated at Milwaukee, Wisconsin this 28th day of April, 2005.

BY THE COURT

 s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U.S. District Judge