# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. SMITH, JR.,

        Plaintiff,

        v.                   Case No. 05-C-0426

MATTHEW FRANK and
WISCONSIN DEPARTMENT OF CORRECTIONS,

        Defendants.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. # 59), DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. # 61) DENYING PLAINTIFF'S MOTION FOR DISCOVERY (DOC. # 65), DENYING DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER (DOC. #77) AND DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT (DOC. # 77).

        Plaintiff, James A. Smith, Jr., filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. This order addresses: (1) the plaintiff's motion for temporary restraining order; (2) the plaintiff's motion to appoint counsel; (3) the plaintiff's motion for discovery; (4) the defendants' motion to amend the scheduling order; and (5) the defendants' motion for leave to file a motion for summary judgment.

**1.    Plaintiff's Motion for Temporary Restraining Order**

        The plaintiff has asked this court to issue a temporary restraining order preventing the defendants from transferring him to a psychiatric hospital. When considering whether to grant a temporary restraining order, the court must first deterine "whether the moving party has demonstrated: (1) a reasonable likelihood of success on the merits; and (2) no adequate remedy at law and irreparable harm if preliminary relief is denied." *Aircraft Owners & Pilots Ass'n v. Hinson*, 102 F.3d 1421, 1424-25 (7th Cir. 1996)(internal citations

omitted). If the moving party has demonstrated those items to the satisfaction of the court, then it must look at: (3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied; and (4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties. *Id.* The Court of Appeals for the Seventh Circuit has adopted a sliding scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. *Ty, Inc. v. Jones Group,* 237 F.3d 891, 895-96 (7th Cir. 2001).

In support of his request, the plaintiff states that he has been recommended for early Program Review Classification (PRC) and a transfer to Wisconsin Resource Center (WRC). According to the plaintiff, the defendants seek to transfer him "to ellude (sic) injunctive relief and to render any order for judgment in the plaintiff's favor ineffective." (Mot. for TRO at 3). In response, the defendants assert that the plaintiff is not scheduled to be transferred to WRC. (*See* Affidavit of Ellen K. Ray ¶ 6).

The plaintiff has failed to submit any proof substantiating his claim that the defendants intend to transfer him to WRC.[1] Moreover, other than a bald assertion, the plaintiff has not demonstrated that he will suffer irreparable harm if he is transferred to WRC. Therefore, the plaintiff has not supported his request for issuance of a temporary restraining order.

---

[1]While the plaintiff states that he submitted to the court a PRC summary indicating that he is scheduled for a "priority transfer to WRC," (Mot. for Discovery at 1), no such document could be located in the file.

2

**2.     Plaintiff's Motion to Appoint Counsel**

On February 6, 2007, the plaintiff filed his third motion for appointment of counsel. As noted in this court's order of April 28, 2005, indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). And, while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether the plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id*. at 1073. If the plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*.

In the instant action, the plaintiff has satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. However, the court's inquiry does not end here. Once the plaintiff has shown that he has made reasonable efforts to secure counsel, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

At this stage, tThe issues in this case appear to be straightforward and uncomplicated. The plaintiff is proceeding on two narrow claims. Further, the plaintiff's filings thus far indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel will be denied.

### 3. Plaintiff's Motion for Discovery

The plaintiff has filed a motion asking the defendants to "disclose all records, transcripts and . . . other materials pertaining to this case." (Mot. for Discovery at 1). Inasmuch as the plaintiff wants the defendants to provide him with certain documents, the court construes his filing as a motion to compel under Fed.R.Civ.P 37.

Although Rule 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id.*

The motion before the court appears to be the plaintiff's initial request for discovery. As he has not indicated that he has made a prior discovery demand of the defendants or engaged in the required personal consultation, court action is premature. Moreover, because the plaintiff has made an extremely broad request, the court is not satisfied that he has demonstrated that the discovery he seeks is not easily obtainable from some other more convenient, less burdensome or less expensive source. *See* Fed.R.Civ.P. 26(b)(2)(C). Therefore, the plaintiff's motion to compel will be denied.

### 4. Defendants' Motion to Amend the Scheduling Order and Motion for Leave to File a Motion for Summary Judgment

4

The defendants seek to amend the scheduling order so that they may have additional time to file a motion for summary judgment. Specifically, the defendants ask that they be given thirty days after decisions are issued on their pending motions to dismiss in which to file their motion for summary judgment.

Federal Rule of Civil Procedure 16(b) permits modification of a scheduling order upon a showing of good cause. Inasmuch as the court has not ruled on the defendants' motions to dismiss which, if granted, will dispose of this action, the defendants' motion to amend the scheduling order and motion for leave to file a motion for summary judgment are premature. Thus, the court will deny both motions without prejudice.

As a final matter, the defendants' March 5 and April 2, 2007, motions to dismiss are pending. Under the applicable procedural rules, the plaintiff's response to these motions should have been filed on or before March 26 and April 23, 2007, respectively . *See* Civil L.R. 7.1(b) (E.D. Wis.). Briefing schedules are set forth in Civil L.R. 7.1 (E.D. Wis.). Parties are expected to comply with the procedures and dates specified in the rule without involvement of the court.

Upon due consideration, the court will give the plaintiff time to file responses to the defendants' motions.

Now, therefore,

**IT IS ORDERED** that the plaintiff's motion for temporary restraining order (Doc. # 59) is **DENIED.**

**IT IS ORDERED** that the plaintiff's motion to appoint counsel (Doc. # 61) is **DENIED.**

5

**IT IS ORDERED** that the plaintiff's motion to compel (Doc. # 65) is **DENIED.**

**IT IS ORDERED** that the defendants' motion for extension of time (Doc. # 77) is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that the defendants' motion for leave to file a motion for summary judgment (Doc. # 77) is **DENIED WITHOUT PREJUDICE.**

**IT IS ORDERED** that the plaintiff shall file responses to the defendants' motions to dismiss on or before **July 28, 2007**. The plaintiff is advised that failure to respond to the defendants' motions by **July 28, 2007**, may result in dismissal of this action.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

**Civil L.R. 41.3 (E.D. Wis.) Dismissal for Lack of Diligence.**

>   Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Fed. R. Civ. P. 41(b) Involuntary Dismissal: Effect Thereof.**

>   For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

8