UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES A. SMITH, JR.,

      Plaintiff,

v.                 Case No. 05-C-0426

MATTHEW J. FRANK and
WISCONSIN DEPARTMENT OF CORRECTIONS,

      Defendants.

ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE

Plaintiff, James A. Smith, Jr., filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis.* On March 5 and April 2, 2007, the defendants filed motions to dismiss. Under the applicable procedural rules, the plaintiff's responses to these motions were due on or before March 26 and April 23, 2007, respectively. *See* Civil L.R. 7.1. (E.D. Wis.). After the plaintiff failed to timely file a response to the defendants' motions, the court extended his time to respond until July 28, 2007, and advised him that failure to file responses by that date could result in dismissal for failure to prosecute. To date, no response has been filed.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. It is well settled that "the ultimate sanction of dismissal should be involved only in extreme situations, where there is a clear record of delay or contumacious conduct." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003) (internal citations omitted); *see also, Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (a plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution). However, no case should be dismissed for failure to prosecute without a warning to the plaintiff, either explicitly or by making clear that no

further extensions of time will be granted. *Bolt*, 227 F.3d at 856 (citing *Williams v. Chic. Bd. of Educ.*, 155 F.3d 853 (7th Cir. 1998)).

Civil Local Rule 41.3 (E.D. Wis.), which governs dismissal for "lack of diligence," provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days.

A review of the docket in this case reveals that the defendants have invested significant time and resources in defending against the plaintiff's claims. This case has been pending for more than two years, during which time the plaintiff filed two interlocutory appeals. Moreover, more than five months have passed since the defendants filed their first motion to dismiss and the defendants' second motion to dismiss has been pending for more than four months.

On June 26, 2007, the plaintiff was granted an extension of time in which to file a response to these motions and was warned that failure to respond could result in dismissal for failure to prosecute. Nevertheless, the plaintiff has failed to respond to the motions to dismiss. From his failure to respond to the defendants' motions, this court infers that the plaintiff no longer wants to prosecute this action. Consequently,

**IT IS ORDERED** that this action is **DISMISSED,** with prejudice, for failure to prosecute.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE